# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| SHAREEF JANDALI PLASTIC SURGERY, LLC<br><br>Plaintiff,<br><br>-against-<br><br>AETNA LIFE INSURANCE COMPANY<br><br>Defendant. | Civil Action No.:<br><br><br>**COMPLAINT** |

Plaintiff Shareef Jandali Plastic Surgery, LLC ("Plaintiff"), by and through its attorneys, Merin Law, LLC, by way of Complaint against Aetna Life Insurance Company ("Defendant"), alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff is a medical provider with a principal place of business at 5520 Park Avenue, Trumbull, CT 06611.

2.     Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the state of Connecticut.

3.     This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, specifically the No Surprises Act ("NSA"), 42 U.S.C. § 300gg-111 *et seq.*, which governs the Independent Dispute Resolution ("IDR") process for certain out-of-network billing disputes including those at issue here, as well the Federal Arbitration Act ("FAA"), 9 U.S.C §9 *et seq.*

4.     Venue is proper in the United States District Court for the District of Connecticut, pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this action occurred within the district.

1

## FACTUAL BACKGROUND

5.      Plaintiff is a medical practice specializing in plastic surgery.

**PATIENT K.A.: DISP-1167350**

6.      On March 26, 2022, Dr. Shareef Jandali, M.D., owner and principal of the Plaintiff, provided medical treatment for a patient, identified as K.A. ("Patient K.A.") at St. Mary's Hospital in Waterbury, Connecticut.

7.      At the time of treatment, Patient K.A. was the beneficiary of a health plan issued and/or administrated by Defendant.

8.      After treating Patient K.A., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") codes 15002 ($7,700.00) and 15777 ($4,800.00), totaling $12,500.00.

9.      In response to Plaintiff's HCFA, Defendant allowed payment of $1,267.54.

10.      As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

11.      However, since the services were rendered emergently/inadvertently, Patient K.A.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

12.      Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

13.     In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment determination of $1,267.54.

14.     Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

15.     Plaintiff initiated such arbitration as called for by the NSA.

16.     On October 29, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1167350, awarding Plaintiff a total of $12,500.00 (Determinations 1 and 2), which is $1,267.54. above the allowed payment amount. *See* **Exhibit A**, attached hereto.

17.     Pursuant to the NSA, the determination of the arbitration award under DISP-1167350 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

18.     Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

19.     However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was November 28, 2024.

20.     As of the date of this Complaint, more than 290 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

21.     For DISP-1167350, Defendant has failed to pay $11,232.46 which is currently due and owing.

**PATIENT I.S.: DISP-1613666**

22.    On October 12, 2023, Dr. Shareef Jandali, M.D., owner and principal of the Plaintiff, provided medical treatment for a patient, identified as I.S. ("Patient I.S.") at Yale New Haven Health Bridgeport Hospital in Bridgeport, Connecticut.

23.    At the time of treatment, Patient I.S. was the beneficiary of a health plan issued and/or administrated by Defendant.

24.    After treating Patient I.S., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") code 19342 in the amount of $50,000.00.

25.    In response to Plaintiff's HCFA, Defendant allowed payment of $0.00.

26.    As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

27.    However, since the services were rendered emergently/inadvertently, Patient I.S.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

28.    Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

29.    In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment determination of $0.00.

30.    Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which

the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

31.     Plaintiff initiated such arbitration as called for by the NSA.

32.     On November 13, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1613666, awarding Plaintiff a total of $25,000.00. *See* **Exhibit B**, attached hereto.

33.     Pursuant to the NSA, the determination of the arbitration award under DISP-1613666 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

34.     Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

35.     However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was December 13, 2024.

36.     As of the date of this Complaint, more than 275 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

37.     For DISP-1613666, Defendant has failed to pay $25,000.00 which is currently due and owing.

**PATIENT M.P.: DISP-1593803**

38.     On November 10, 2022, Dr. Shareef Jandali, M.D., owner and principal of the Plaintiff, provided medical treatment for a patient, identified as M.P. ("Patient M.P.") at Yale New Haven Health Bridgeport Hospital in Bridgeport, Connecticut.

39.     At the time of treatment, Patient M.P. was the beneficiary of a health plan issued and/or administered by Defendant.

40.     After treating Patient I.S., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") codes 12031 ($5,500.00) and 11403 ($580.00), totaling $6,080.00.

41.     In response to Plaintiff's HCFA, Defendant allowed payment of $782.62.

42.     As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

43.     However, since the services were rendered emergently/inadvertently, Patient M.P.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

44.     Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

45.     In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment determination of $782.62.

46.     Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

47.     Plaintiff initiated such arbitration as called for by the NSA.

48.     On November 20, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1593803, awarding Plaintiff a total of $3,463.97, which amounts to $2,681.35 above the allowed payment amount. *See* **Exhibit C**, attached hereto.

49.     Pursuant to the NSA, the determination of the arbitration award under DISP-1593803 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

50.     Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

51.     However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was December 20, 2024.

52.     As of the date of this Complaint, more than 268 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

53.     For DISP-1593803, Defendant has failed to pay $2,681.35 which is currently due and owing.

**PATIENT K.R.: DISP-1571298**

54.     On April 28, 2023, Shelby Finan, P.A., an employee of the Plaintiff, provided medical treatment for a patient, identified as K.R. ("Patient K.R.") at Yale New Haven Health Bridgeport Hospital in Bridgeport, Connecticut.

55.     At the time of treatment, Patient K.R. was the beneficiary of a health plan issued and/or administrated by Defendant.

56.     After treating Patient K.R.., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") code 19380, totaling $30,000.00.

57.    In response to Plaintiff's HCFA, Defendant allowed payment of $0.00.

58.    As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

59.    However, since the services were rendered emergently/inadvertently, Patient K.R.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq.*

60.    Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

61.    In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment determination of $0.00.

62.    Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

63.    Plaintiff initiated such arbitration as called for by the NSA.

64.    On November 20, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1571298, awarding Plaintiff a total of $30,000.00. *See* **Exhibit D**, attached hereto.

65.    Pursuant to the NSA, the determination of the arbitration award under DISP-1571298 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

66.    Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

67.    However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was December 20, 2024.

68.    As of the date of this Complaint, more than 268 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

69.    For DISP-1571298, Defendant has failed to pay $30,000.00 which is currently due and owing.

**Patient J.C.: DISP-1730545**

70.    On March 15, 2024, Shareef Jandali, MD, an owner and principal of Plaintiff Provider, provided medical treatment for Patient J.C. ("Patient J.C.") at Yale New Haven Health Bridgeport Hospital in Bridgeport, CT.

71.    At the time of treatment, Patient J.C. was the beneficiary of a health plan issued and/or administered by Defendant.

72.    After treating Patient J.C., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") code 19380-50-59 in the amount of $31,500.00.

73.    In response to Plaintiff's HCFA, Defendant allowed payment of $1,188.82.

74.    As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

75.     However, since the services were rendered emergently/inadvertently, Patient J.C.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

76.     Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

77.     In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment of $1,188.82.

78.     Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

79.     Plaintiff initiated such arbitration as called for by the NSA.

80.     On October 15, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1730545, awarding Plaintiff a total of $31,500.00, which is $30,311.18, above Defendant's allowed payment. *See* **Exhibit E**, attached hereto.

81.     Pursuant to the NSA, the determination of the arbitration award under DISP-1730545 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

82.     Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

83.     However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was November 14, 2024.

84.     As of the date of this Complaint, more than 316 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

85.     For DISP-1730545, Defendant has failed to pay $30,311.18 which is currently due and owing.

**Patient J.C.: DISP-1403242**

86.     On March 15, 2024, Brielle Rossomando, PA, an employee of Plaintiff Provider, provided medical treatment for Patient J.C. at Yale New Haven Health Bridgeport Hospital in Bridgeport, CT.

87.     At the time of treatment, Patient J.C. was the beneficiary of a health plan issued and/or administrated by Defendant.

88.     After treating Patient J.C., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") codes 15002-RT-AS in the amount of $3,015.20, 15002-LT-AS-59 in the amount of $3,015.20, and 19342-50-AS in the amount of $14,500.00.

89.     In response to Plaintiff's HCFA, Defendant allowed payment of $0.00.

90.     As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

91.     However, since the services were rendered emergently/inadvertently, Patient J.C.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

92.     Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

93.     In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment of $0.00.

94.     Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

95.     Plaintiff initiated such arbitration as called for by the NSA.

96.     On December 18, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1403242, awarding Plaintiff a total of $14,500.00 for code 19342, $3,015.20 for code 15002-RT, and $3,015.20 for code 15002-LT, for a total award $20,530.40 above Defendant's allowed payment. *See* **Exhibit F**, attached hereto.

97.     Pursuant to the NSA, the determination of the arbitration award under DISP-1403242 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

98.     Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

99.     However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was January 17, 2025.

100.    As of the date of this Complaint, more than 252 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

101.    For DISP-1403242, Defendant has failed to pay $20,530.40 which is currently due and owing.

**Patient J.C.: DISP-1730546**

102.    On March 15, 2024, Shareef Jandali, MD, an owner and principal of Plaintiff Provider, provided medical treatment for Patient J.C. at Yale New Haven Health Bridgeport Hospital in Bridgeport, CT.

103.    At the time of treatment, Patient J.C. was the beneficiary of a health plan issued and/or administrated by Defendant.

104.    After treating Patient J.C., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") codes 15002-50-59 in the amount of $3,015.20 and 19342-50-59 in the amount of $25,000.00.

105.    In response to Plaintiff's HCFA, Defendant allowed payment of $348.13 in connection to service 15002-50-59 and $2,124.81 in connection to service 19342-50-59..

106.    As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

107.    However, since the services were rendered emergently/inadvertently, Patient J.C.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

108.    Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

109.    In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment of $348.13 for service 15002 and $2,124.81 for service 19342.

110.    Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

111.    Plaintiff initiated such arbitration as called for by the NSA.

112.    On November 20, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1730546, awarding Plaintiff a total of $25,000.00 for service 19342, which is $22,875.19 above Defendant's allowed payment, and awarding Plaintiff a total of $3,015.20 for service 15002, which is $2,667.07 above Defendant's allowed payment (Determination 1 and 2). *See* **Exhibit G,** attached hereto.

113.    Pursuant to the NSA, the determination of the arbitration award under DISP-1730546 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

114.    Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

115.    However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was December 20, 2024.

116.    As of the date of this Complaint, more than 280 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

117.    For DISP-1730546, Defendant has failed to pay $25,542.26 which is currently due and owing.

**PATIENT I.S.: DISP-1613742**

118.    On February 21, 2023, Brielle Rossomando, PA, an employee of Plaintiff, provided medical treatment for a patient, identified as I.S. ("Patient I.S.") at Yale New Haven Health Bridgeport Hospital in Bridgeport, Conn.

119.    At the time of treatment, Patient I.S. was the beneficiary of a health plan issued and/or administered by Defendant.

120.    After treating Patient I.S., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") code 14301, totaling $32,000.00.

121.    In response to Plaintiff's HCFA, Defendant allowed payment of $0.00.

122.    As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

123.    However, since the services were rendered emergently/inadvertently, Patient I.S.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

124.    Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

125.    In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment determination of $0.00.

126.    Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

127.    Plaintiff initiated such arbitration as called for by the NSA.

128.    On November 26, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1613742, awarding Plaintiff a total of $32,000.00. *See* **Exhibit H**, attached hereto.

129.    Pursuant to the NSA, the determination of the arbitration award under DISP-1613742 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

130.    Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

131.    However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was December 26, 2024.

132.    As of the date of this Complaint, more than 290 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

133.    For DISP-1613742, Defendant has failed to pay $32,000.00 which is currently due and owing.

**PATIENT I.S.: DISP-1655201**

134.    On October 12, 2023, Dr. Shareef Jandali, M.D., owner and principal of the Plaintiff, provided medical treatment for a patient, identified as I.S. ("Patient I.S.") at Yale New Haven Health Bridgeport Hospital in Bridgeport, Connecticut.

135.    At the time of treatment, Patient I.S. was the beneficiary of a health plan issued and/or administrated by Defendant.

136.    After treating Patient I.S., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") code 14302 in the amount of $53,110.00.

137.    In response to Plaintiff's HCFA, Defendant allowed payment of $1,610.65.

138.    As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

139.    However, since the services were rendered emergently/inadvertently, Patient I.S.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

140.    Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

141.    In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment determination of $1,610.65.

142.    Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which

the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

143.    Plaintiff initiated such arbitration as called for by the NSA.

144.    On November 27, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1655201, awarding Plaintiff a total of $53,110.00, which is $51,499.35 above the allowed amount. *See* **Exhibit I**, attached hereto.

145.    Pursuant to the NSA, the determination of the arbitration award under DISP-1655201 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

146.    Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

147.    However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was December 27, 2024.

148.    As of the date of this Complaint, more than 270 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

149.    For DISP-1655201, Defendant has failed to pay $51,499.35 which is currently due and owing.

**PATIENT A.Q.: DISP-1655709**

150.    On May 27, 2022, Shelby Finan, PA., an employee of Plaintiff, provided medical treatment for a patient, identified as A.Q. ("Patient A.Q.") at Yale New Haven Health Bridgeport Hospital in Bridgeport, Connecticut.

151.    At the time of treatment, Patient A.Q. was the beneficiary of a health plan issued and/or administered by Defendant.

152.    After treating Patient A.Q., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") codes 13101 ($9,000.00) and 13102 ($2,700.00), totaling $11,700.00.

153.    In response to Plaintiff's HCFA, Defendant allowed payment of $0.00.

154.    As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

155.    However, since the services were rendered emergently/inadvertently, Patient A.Q.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

156.    Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

157.    In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment determination of $0.00.

158.    Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

159.    Plaintiff initiated such arbitration as called for by the NSA.

160.    On December 2, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1655709, awarding Plaintiff a total of $11,700.00. *See* **Exhibit J**, attached hereto.

161.    Pursuant to the NSA, the determination of the arbitration award under DISP-1655709 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

162.    Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

163.    However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was January 1, 2025.

164.    As of the date of this Complaint, more than 278 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

165.    For DISP-1655709, Defendant has failed to pay $11,700.00 which is currently due and owing.

**PATIENT A.Q.: DISP-1655571**

166.    Additionally, on May 27, 2022, Shelby Finan, PA., an employee of Plaintiff, provided medical treatment for Patient A.Q. at Yale New Haven Health Bridgeport Hospital in Bridgeport, Connecticut.

167.    At the time of treatment, Patient A.Q. was the beneficiary of a health plan issued and/or administrated by Defendant.

168.    After treating Patient A.Q., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") code 15570 for $20,140.00.

169.    In response to Plaintiff's HCFA, Defendant allowed payment of $119.55.

170.    As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

171.    However, since the services were rendered emergently/inadvertently, Patient K.R.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

172.    Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

173.    In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment determination of $119.55.

174.    Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

175.    Plaintiff initiated such arbitration as called for by the NSA.

176.    On November 27, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1655571, awarding Plaintiff a total of $20,140.00. *See* **Exhibit K**, attached hereto.

177.    Pursuant to the NSA, the determination of the arbitration award under DISP-1655571 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

178.    Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

179.    However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was December 26, 2024.

180.    As of the date of this Complaint, more than 284 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

181.    For DISP-1655571, Defendant has failed to pay $20,020.45 which is currently due and owing.

182.    Accordingly, Plaintiff has been damaged in the total amount of $260,517.45 and continues to suffer damages in the operation of its medical practice.

<u>**COUNT ONE**</u>

**PLAINTIFF SEEKS RELIEF IN ACCORDANCE WITH 9 U.S. CODE § 9**

183.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 182 of the Complaint as though fully set forth herein.

184.    The FAA, 9 U.S. CODE § 9, provides that, if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made, any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order.

185.    In this case, while the parties do not have an agreement that a judgment of the court shall be entered upon the arbitration award at issue, the binding arbitration award was issued pursuant to the Federal No Surprises Act. 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

186.    Indeed, Federal courts, including this District, have affirmed their authority to confirm arbitration awards issued pursuant to the NSA under the FAA, 9 U.S.C. § 9. *See, e.g.*, *Guardian Flight LLC v. Aetna Life Ins. Co*, No. 3:24-cv-00680-MPS, 2025 WL 1399145 (D. Conn. May 14, 2025) (holding that "Congress did show, both through the plain language of the NSA and the legislative intent, that the NSA includes a private right of action because the law mandates payment

of the arbitration awards."); *GPS of New Jersey M.D., P.C. v. Horizon Blue Cross & Blue Shield*, No. CV226614KMJBC, 2023 WL 5815821 (D.N.J. Sept. 8, 2023) (granting Horizon Blue Cross & Blue Shield's cross-motion to confirm an NSA entity award under 9 U.S.C. § 9 because the language of the NSA indicates the NSA award is "final and binding" and, by invoking Section 10(a) of the Federal Arbitration Act, the NSA "gives the court the authority to confirm the award").

187.    It is against equity and good conscience to deprive Plaintiff of a remedy to enforce a "binding" arbitration award issued in accordance with federal law.

188.    Accordingly, Plaintiff brings this action for an Order confirming the following arbitration awards:

a.    DISP-1167350

b.    DISP-1613666

c.    DISP-1593803

d.    DISP-1571298

e.    DISP-1730545

f.    DISP-1403242

g.    DISP-1730546

h.    DISP-1613742

i.    DISP-1655201

j.    DISP-1655709

k.    DISP-1655571

## COUNT TWO

**VIOLATION OF THE FEDERAL NO SURPRISES ACT REGARDING THE NON-PAYMENT OF A BINDING AWARD**

189.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 188 of the Complaint as if fully set forth herein.

190.    Under the NSA, a party is permitted to initiate the federal arbitration process called for by the Act if the parties are unable to agree on a payment rate during the NSA's negotiation period. 42 U.S.C. § 300gg-111(c)(1-5).

191.    In the instant case, the parties were unable to agree on the out-of-network rate for the services provided, and the parties therefore proceeded to arbitration as called for the NSA.

192.    ProPeer Resources, LLC, the certified independent dispute resolution ("CIDR") entity assigned to DISP-1167350 awarded Plaintiff $12,500.00 (Determination 1 and 2) on October  29, 2024.

193.    ProPeer Resources, LLC, the CIDR entity assigned to DISP-1613666 awarded Plaintiff $25,000.00 on November 13, 2024.

194.    ProPeer Resources, LLC, the CIDR entity assigned to DISP-1593803 awarded Plaintiff $3,463.97 on November 20, 2024.

195.    ProPeer Resources, LLC, the CIDR entity assigned to DISP-1571298 awarded Plaintiff $30,000.00 on November 20, 2024.

196.    C2C Innovative Solutions, Inc., the CIDR entity assigned to DISP-1730545, awarded Plaintiff $31,500.00 on October 15, 2025.

197.    ProPeer Resources, LLC, the CIDR entity assigned to DISP-1403242 awarded Plaintiff $20,530.40 on December 18, 2024.

198.    C2C Innovative Solutions, Inc., the CIDR entity assigned to DISP-1730546 awarded Plaintiff $28,015.20 on November 20, 2024.

199.    ProPeer Resources, LLC, the CIDR entity assigned to DISP-1613742 awarded Plaintiff $32,000.00 on November 26, 2024.

200.    ProPeer Resources, LLC, the CIDR entity assigned to DISP-1655201 awarded Plaintiff $53,110.00 on November 27, 2024.

201.    ProPeer Resources, LLC, the CIDR entity assigned to DISP-1655709 awarded Plaintiff $11,700.00 on December 2, 2024.

202.    ProPeer Resources, LLC, the CIDR entity assigned to DISP-1655571 awarded Plaintiff $20,140.00 on November 27, 2024.

203.    According to the NSA, Defendant had thirty (30) days to remit the arbitration payment to Plaintiff. 42 U.S.C. § 300gg-111(c)(6).

204.    Defendant failed to make the payment within thirty (30) days and, as of the date of the filing of this Complaint, Defendant has failed to remit the arbitration payment to Plaintiff.

205.    As such, Defendant has failed to comply with the requirements of the NSA.

206.    Accordingly, due to Defendant's failure to comply with the NSA's requirements, Plaintiff has been damaged in the total amount of $260,517.45.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.      For an Order confirming the arbitration award issued under DISP-1167350;

b.      For an Order confirming the arbitration award issued under DISP-1613666;

c.      For an Order confirming the arbitration award issued under DISP-1593803;

d.      For an Order confirming the arbitration award issued under DISP-1571298;

e.      For an Order confirming the arbitration award issued under DISP-1730545;

f.      For an Order confirming the arbitration award issued under DISP-1403242;

g.      For an Order confirming the arbitration award issued under DISP-1730546;

h.      For an Order confirming the arbitration award issued under DISP-1613742;

i.      For an Order confirming the arbitration award issued under DISP-1655201;

j.      For an Order confirming the arbitration award issued under DISP-1655709;

k.      For an Order confirming the arbitration award issued under DISP-1655571;

l.      For an Order directing Defendant to pay Plaintiff $260,517.45;

m.      For attorney's fees, interest, and costs of suit; and

n.      For such other and further relief as the Court may deem just and equitable.


Dated: October 6, 2025
        New Haven, Conn.


                                **MERIN LAW, LLC**
                                *Attorneys for Plaintiff*

                    By:     /s/ Clifford A. Merin, Esq., 29863
                            Clifford A. Merin
                            **Merin Law, LLC**
                            51 Elm Street, Suite 409
                            New Haven, CT 06510
                            475.321.4101
                            clifford@merinlaw.com